Ronald G Rosenberg (SBN 108602)
ROSENBERG & KOFFMAN
2029 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:  310-553-1400
Facsimile:   310-553-1401
Email:   ron@randklaw.com

Attorneys for Plaintiff, Barret Hansen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRET HANSEN, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MEEP MORP STUDIO, LLC, a California limited liability company; SCOTT MCKENZIE, an individual; CHRISTINE MCDONALD, an individual; also known as CHRISTINE MCKENZIE,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF REGARDING OWNERSHIP OF COPYRIGHT; BREACH OF CONTRACT, INTENTIONAL MISREPRESENTATION** |

COMES NOW, Plaintiff, BARRET HANSEN and alleges as follows:

## Parties

1.   Plaintiff, BARRET HANSEN ("Hansen"), was and now is, an individual residing in the Los Angeles County, State of California.

2.   At all times mentioned herein, MEEP MORP STUDIO, LLC ("Meep Morp") was and now is, a limited liability company, with its principal place of business in San Bernardino County, State of California.

3.   At all times mentioned herein, SCOTT MCKENZIE ("McKenzie") was and now is, an individual, residing in San Bernardino County, State of California.

4.   At all times mentioned herein, CHRISTINE MCDONALD, also known

1
**COMPLAINT**

as CHRISTINE MCKENZIE ("McDonald") was and now is, an individual, residing in San Bernardino County, State of California.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over plaintiffs' Copyright Act claims under 28 U.S.C. §§ 1331, 1332, and 2201. This Court has personal jurisdiction over Defendants under the test established in *Calder v. Jones* (1984) 465 US 783, applying Cal. Code Civ. Proc § 410.10. Venue is proper in this District under 28 U.S.C. § 1391(b).

## General Allegations

6. Plaintiff is a well-known radio host known professionally known as Dr. Demento.

7. Plaintiff met Defendants, McKenzie and McDonald in early 2013. During the next few months, Defendants represented that they could and would assist Plaintiff in raising funds to assist him in funding a movie about his life. Defendants further represented that they were experienced in raising money through online campaigns such as Kickstarter, that they were experienced in making films and could and would perform services in connection with making the film in a professional and workmanlike manner in accordance with film industry standards.

8. Plaintiff reasonably relied on Defendants' representations and agreed to permit Defendants work with him on his film. In reliance on their representations, he allowed them to plan and conduct interviews of people in the entertainment industry who worked with and/or were influenced by Plaintiff.

9. After viewing the film from the interviews, Plaintiff learned that the interviews were, in many cases, not conducted professionally and were not filmed in a professional manner. As a result some of them are unusable and all of them need significant editing to attempt to make them usable in a finished film.

10. Plaintiff has performed each and every act, covenant and condition required by him pursuant to each agreement alleged herein, except to the extent such

1  performance was prevented, excused or waived by Defendants.

2

3  **FIRST CLAIM FOR RELIEF**

4  **(Declaratory Relief)**

5  11.   Plaintiff refers to and incorporates the allegations contained in
6  paragraphs 1 through 10 above, as though fully set forth herein.

7  12.   An actual controversy has arisen and now exists between Plaintiff and
8  Defendants because Plaintiff contends and Defendants deny that Plaintiff is the sole
9  owner of all right, title and interest, including but not limited to copyrights, in the
10 video footage and audiotape from the interviews that were conducted in connection
11 with the production of the film "The Dr. Demento Documentary", also referred to as
12 "Under the Smogberry Trees".

13 13.   Plaintiff desires a judicial determination of the respective rights and
14 duties of Plaintiff and Defendants, and each of them, with respect to the ownership
15 and right to use the copyrighted material including but not limited to the video
16 footage and audiotape from the interviews that were conducted in connection with
17 the production of the film "The Dr. Demento Documentary", also referred to as
18 "Under the Smogberry Trees".

19 14.   Such a declaration is necessary and appropriate at this time in order that
20 Plaintiff may ascertain its rights and duties with respect to the claims of the other
21 parties herein.

22 15.   A judicial declaration is necessary to resolve the dispute set forth herein
23 and no other remedy at law exists to provide a prompt and timely resolution thereof.

24 16.   Due to the threats by Defendants to make their own film using
25 Plaintiff's film footage and audiotape from the aforementioned interviews, Plaintiff
26 also seeks an order restraining Defendants, their agents, servants, employees,
27 successors, and assigns, and all others in concert and/or in privity with them, from
28 using, transferring or asserting any right, title or interest, including copyright, in the

video footage and audiotape from the interviews that were conducted in connection with the production of the film "The Dr. Demento Documentary", also referred to as "Under the Smogberry Trees".

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

17. Plaintiff refers to and incorporates the allegations contained in paragraphs 1 through 16 above, as though fully set forth herein.

18. On March 30, 2013, Plaintiff entered into an Agreement for Professional Services (the "Agreement") with Defendants. There was originally another party (Devin Lucas) to the Agreement who stopped working with Defendants in about mid-2014. A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit "1".

19. After production began on the film of Plaintiff's life, Defendants realized that the services being rendered by Defendants were not being done in a professional manner and that Devin Lucas, was the only one of the three members of Defendant, Meep Morp, who knew how to work on a film production.

20. Prior to April 2014, Devin Lucas took on the role as the director of the interviews in connection with the film production. Plaintiff is informed and believes, and based thereon alleges, that Mr. Lucas was fired as director of the interviews by McKenzie and McDonald in about April 2014 and that thereafter the quality of work being done on the film dropped drastically and was done well-below industry standards.

21. On August 6, 2014, Plaintiff terminated the contract with Defendants due to their material breaches in terminating Mr. Lucas and in not making the film up to the standards of the film industry in a professional and workmanlike manner.

22. As a proximate result of the breach of the Agreement by Defendants, Plaintiff has suffered monetary damages by needing to have significantly more work

done on the film to compensate for the poor quality of the work done by Defendants, in a sum in excess of $10,000.

## THIRD CAUSE OF ACTION

### (Intentional Misrepresentation)

23. Plaintiff refers to and incorporates the allegations contained in paragraphs 1 through 22 above, as though fully set forth herein.

24. Plaintiff is informed and believes, and on based thereon allege, that at the time the aforementioned misrepresentations were made by Defendants to Plaintiff about Defendants' ability to make the film in a professional manner, they were false and that Defendants knew them to be false.

25. Plaintiff is informed and believes, and on based thereon allege, that the truth was that Defendants were not sufficiently experienced on the film industry to conduct themselves and to make the film up to professional standards in the film industry.

26. As a proximate result of the breach of the Agreement by Defendants, Plaintiff has suffered monetary damages by needing to have significantly more work done on the film to compensate for the poor quality of the work done by Defendants, in a sum according to proof.

27. Plaintiff is informed and believe, and based thereon alleges, that Defendants committed the acts alleged herein willfully, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendants.

WHEREFORE, the Plaintiff prays for judgment against Defendants, and each of them, as follows:

On the First Cause of Action:

1. For an order declaring that Plaintiff is the sole owner of all right, title

and interest, including but not limited to copyrights, in the video footage and audiotape from the interviews that were conducted in connection with the production of the film "The Dr. Demento Documentary", also referred to as "Under the Smogberry Trees".

    2.    An order restraining Defendants, their agents, servants, employees, successors, and assigns, and all others in concert and/or in privity with them, from asserting any right, title or interest, including copyright, in the video footage and audiotape from the interviews that were conducted in connection with the production of the film "The Dr. Demento Documentary", also referred to as "Under the Smogberry Trees".

On the Second Cause of Action:

    3.    For damages in a sum according to proof;

On the Third Cause of Action:

    4.    For damages in a sum in excess of $10,000, according to proof;

    5.    For punitive damages in a sum according to proof;

On All Causes of Action:

    6.    For costs of suit incurred herein;

    7.    For such other and further relief that the Court may deem just and proper.

Dated: June 22, 2017                        ROSENBERG & KOFFMAN

                                        By: /s/ Ronald G. Rosenberg
                                              Ronald G. Rosenberg
                                              Attorneys for Plaintiff

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury in this action.

Dated: June 22, 2017                         ROSENBERG & KOFFMAN

By: /s/ Ronald G. Rosenberg
Ronald G. Rosenberg
Attorneys for Defendant